GEORGE W. CAMPBELL, Plaintiff in Error, v. ABEL S. CONOVER, Defendant in Error.

ERROR TO PEORIA.

The act which authorizes a recovery before a justice of the peace, from a constable, of three times the value of property levied upon by him, if exempted from levy, is still in force.

In Peoria county a justice of the peace has jurisdiction to try such a case, where three times the value of the property levied upon does not exceed three hundred dollars; in other counties the jurisdiction is limited to one hundred dollars.

A motion for a new trial can only be made at the term at which the verdict may be rendered. It is irregular to allow such a motion two years after verdict.

THIS case was commenced by Conover against George W. Campbell, before a justice of the peace, to recover three times the value of property levied on by virtue of an attachment, issued at the suit of Phillip F. Elliott against said Conover, and which attachment was placed in the hands of plaintiff, as constable, and by him levied upon property claimed to be exempt from execution.

Judgment was rendered against defendant below, before the justice, for $210, from which he appealed to the Circuit Court of Peoria county. At the November term, 1858, of that court, a trial was had, and verdict was found against the defendant below for one $135, in which verdict the jury find the value of the property levied on to be $45, and assess three times its value as damages.

The defendant below moved for a new trial, which was, on the 28th day of December, 1858, overruled by the court, and judgment rendered for $135.

At the November term, 1860, the plaintiff renewed his motion for a new trial, and to set aside the verdict and judgment of the court and dismiss the suit, for the following reasons, to wit:

First. The justice of the peace had not jurisdiction in the cause, nor the Circuit Court on appeal on suit, to recover three times the value of property levied on.

Second. The court gave erroneous instructions on the part of plaintiff.

Third. The court refused proper instructions asked for by defendant.

Fourth. The verdict of the jury was for $45; the value of the property and the judgment of the court was for $135, being $90 more than the value of the property found by the jury.

In support of which motion the defendant below read in evidence the affidavit of the defendant, the writ of attachment issued in the original suit of *Elliott* v. *Conover*, the return of

the plaintiff thereon, as constable, the instructions given for plaintiff below, and the verdict of the jury in this cause.

The plaintiff below, to resist the motion, read in evidence to the court this verdict: "We find the value of the property to be forty-five dollars, and assess three times its value;" and the instructions asked by defendant below.

The court refused to grant a new trial or set aside the verdict and judgment, on the ground that it came at too late a day; to which plaintiff excepted, and assigns for error:

First. That the justice of the peace or the Circuit Court, on appeal, did not have jurisdiction.

Second. The court gave erroneous instructions asked by plaintiff.

Third. The judgment of the court was for more than the verdict of the jury, and erroneous.

Fourth. The court erred in overruling each motion for a new trial, and to set aside the judgment and dismiss the suit, and rendering judgment for the plaintiff below.

Fifth. That judgment should have been rendered for defendant below instead of plaintiff.

M. WILLIAMSON, for Plaintiff in Error.

JOHNSON & HOPKINS, for Defendant in Error.

BREESE, J. The appellant is laboring under an impression that there is no act in force giving jurisdiction to a justice of the peace, in an action to recover three times the value of property, which, being exempt from execution, a constable has levied upon.

The act of March, 1843, giving this penalty, was repealed by the act of 1845, chap. 90, (Scates' Comp. 720). But at the same session it was re-enacted *verbatim*. It is section thirty-five, chap. 57, and is as follows: "If any officer by virtue of any execution or other process, or any other person by any right of distress, shall take or seize any of the articles of property hereinbefore exempted from levy and sale, such officer or person shall be liable to the party injured, for three times the value of the property illegally taken or seized, to be recovered by action of trespass with costs of suit." (Scates' Comp. 605.)

It will be conceded, that in a majority of counties in this State, where the jurisdiction of a justice of the peace is limited to one hundred dollars, he could not try a case, where three times the value was claimed, if such claim exceeded one hundred dollars; but in the county of Peoria, where this case arose, there is a special statute, giving to justices of the peace of that

county, jurisdiction to hear and determine all complaints, suits and prosecutions described in section seventeen of chapter forty-nine, entitled Justices of the Peace and Constables, of the Revised Statutes, in which the amount claimed to be due does not exceed three hundred dollars. (Scates' Comp. 673.)

In that section, paragraph twelve, is specified actions of trespass on personal property, and of trover and conversion.

It appears from the record that this cause was tried on appeal in the Circuit Court of Peoria county, at the November term, 1858, and after considering the motion for a new trial, and refusing it, final judgment was entered on the 28th of December of that year.

At the November term, 1860, two years thereafter, the defendant was allowed to renew his motion for a new trial; and it being decided against him, he brings the case here by appeal from this judgment. We need not say it was improper and irregular for the court to entertain this motion after the lapse of two years. We understand a motion for a new trial can only be made at the term at which the verdict is rendered, and when denied, the judgment must be finally entered, unless a motion be interposed to arrest it.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*